*224 OPINION.
Lansdon:
The only issue here is whether the petitioner is an. exempt corporation under the provisions of section 231 (11) of the Revenue Act of 1921, which so far as pertinent is as follows:
Sec. 231. That the following organizations shall be exempt from taxation under this title—
*******
(11) Farmers’, fruit growers’, or like associations, organized and operated as sales agents for the purpose of marketing the products of members and turning- back to them the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of produce furnished by them; or organized and operated as purchasing agents for the purpose of purchasing supplies and equipment for the use of members and turning over such supplies and equipment to such members at actual cost, plus necessary expenses.
Since this section grants a privilege or an exemption to certain classes it must be strictly construed and all doubts resolved in favor of the Government. Waynesboro Manufacturers Association, 1 B. T. A. 911; Farmers’ Co-operative Milk Co., 9 B. T. A. 696. Whether groups seeking the benefit of this provision are farmers, fruit growers, dairymen, shoemakers or coopers, in our judgment, is not material. The plain intention of Congress was to grant certain benefits to groups of producers organized to sell their own crops or other products through cooperative sales agencies, or to purchase supplies and equipment for the use of members in their activities as producers.
The petitioner here purchases not as an agent but with its own funds. It sells to its members and others and apparently does this in a way that results in no profit to any one in excess of the 8 per cent dividend which it pays on its outstanding stock. Its *225 customers do not purchase “supplies and equipment” from it for their own use, but buy merchandise only for the purposes of reselling to the general public at -whatever prices the traffic will bear. Entirely regardless of whether the nature of the business organized deprives this petitioner of the benefits of section 231 (11) of the Revenue Act of 1921, we are satisfied that the purposes of the petitioner quite clearly indicate that it can not be regarded as an exempt corporation.
Reviewed by the Board.
Decision will be entered for the respondent.